**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| TERESA M. VIDAL-VALDIVIA ET AL,<br><br>     Plaintiff,<br><br>          v.<br><br>UNIVERSITY OF PUERTO RICO, ET AL.,<br><br>     Defendant. | CIV NO. 05-1991(PG) |

**OPINION AND ORDER**

On September 19, 2005, plaintiffs filed the above styled and captioned suit against defendants the University of Puerto ("UPR"); Pablo Rodriguez-Rosado, Chancellor of the UPR's Aguadilla Campus; Juan Concepcion, President of the Personnel Committee of the UPR's Aguadilla Campus; and Anibal Romey-Diaz, Director of the Electronic Physics, and Quality Control Department of the UPR's Aguadilla Campus. Plaintiffs seek redress under Title VII, 42 U.S.C. § 2000e; 42 U.S.C. §1981, Law 100 of June 30, 1953, P.R. Laws Ann. tit 29 § 146 et seq.; and Articles 1053 and 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit 31 §§ 3018 and 5141, respectively.

Before the Court is defendant UPR's Motion to Dismiss (Docket No. 9.). The UPR moves to dismiss the Title VII claims against the individual defendants arguing that there is no personal liability under Title VII. Secondly, it seeks to dismiss the Law 100 claim arguing the statute is inapplicable to the UPR.

At the outset, the Court notes that appearing defendant is seeking dismissal of claims against defendants who have yet to file an answer in the case. (See Docket Nos. 7, 8, & 11.) The record reflects that the Department of Justice sought, on behalf of the individual defendants, an extension of time until May 1, 2006 to file an answer or otherwise plead. The Department of Justice did so because it has yet to determine whether it will afford the individual defendants legal representation pursuant to Act No. 9 of November

Civ. No. 05-1991(PG)                                                    Page 2

26, 1977, P.R. Laws Ann. tit 32 § 3085.  Indeed, following the request for an extension of time, counsel for the UPR filed a motion clarifying that its appearance in the case was only on behalf of the UPR and not the individual defendants.  Now, surprisingly, UPR's counsel files a motion dismiss on behalf of the individual defendants.  Although the Court agrees with the UPR's argument that there is no personal liability under Title VII[1], it is not the task of UPR's counsel to vindicate the rights of parties he is not representing.

Accordingly, the request to dismiss the Title VII claim against the individual defendants is **DENIED WITHOUT PREJUDICE**.

With regards to the Law 100 claim, the statute includes "all such agencies or instrumentalities of the Government of Puerto Rico as may be operating as private businesses or enterprises." P.R. Laws Ann, tit 29 § 151.

The University of Puerto Rico is a government instrumentality that "does not operate as a private business or enterprise." Dogson v. University of

---

[1] "Although the First Circuit has yet to decide whether a Title VII plaintiff may maintain a suit against an individual in his personal capacity, most circuits have held that no personal liability can be attached to agents or supervisors under Title VII." Gomez Gonzalez v. Guidant Corp., 364 F.Supp.2d 112, 115-116 (D.P.R. 2005). See Tomka v. Seiler Corp., 66 F.3d 1295 (2nd Cir. 1995); Dici v. Com. of Pa., 91 F.3d 542 (3rd Cir. 1996); Lissau v. Southern Food Serv., Inc., 159 F.3d 177, 180-81 (4th Cir. 1998); Grant v. Lone Star Co., 21 F.3d 649 (5th Cir. 1994) cert. denied, 513 U.S. 1015 (1994); Wathen v. General Elec. Co., 115 F.3d 400, 405-06 (6th Cir. 1997); Gastineau v. Fleet Mortgage Corp., 137 F.3d 490, 493-94 (7th Cir. 1998); Lenhardt v. Basic Inst. of Tech., Inc., 55 F.3d 377 (8th Cir. 1995); Miller v. Maxwell's Int'l, Inc., 991 F.2d 583 (9th Cir. 1993); Haynes v. Williams, 88 F.3d 898 (10th Cir. 1996); Cross v. Alabama, 49 F.3d 1490, 1504 (11th Cir.1995); Smith v. Lomax, 45 F.3d 402 (11th Cir. 1995); Gary v. Long, 59 F.3d 1391, 1399 (D.C.Cir.), cert. denied, 516 U.S. 1011 (1995).
   Following the majority of the circuit courts, this District Court has held that individual defendants are not liable under Title VII. See Gomez Gonzalez, 364 F.Supp.2d at 115. See Vargas v. Fuller Brush Co. of Puerto Rico, 336 F.Supp.2d 134, 139 (D.P.R. 2004); Velez-Sotomayor v. Progreso Cash and Carry, Inc., 279 F.Supp.2d 65, 72 (D.P.R. 2003); Padilla Cintron v. Rossello Gonzalez, 247 F.Supp.2d 48, 59 (D.P.R. 2003); Cotto v. Citibank, N.A., 247 F.Supp.2d 44, 47 (D.P.R. 2003); Maldonado-Cordero v. AT & T, 73 F.Supp.2d 177, 184 (D.P.R. 1999); Canabal v. Aramark Corp., 48 F.Supp.2d 94, 97 (D.P.R. 1999); Acevedo Vargas v. Colon, 2 F.Supp.2d 203, 206 (D.P.R. 1998); Pineda v. Almacenes Pitusa, Inc., 982 F.Supp. 88, 93 (D.P.R. 1997); Contreras Bordallo v. Banco Bilbao Vizcaya de Puerto Rico, 952 F.Supp. 72, 74 (D.P.R. 1997); Hernandez v. Wangen, 938 F.Supp. 1052, 1065 (D.P.R. 1996); Anonymous v. Legal Services Corp. of Puerto Rico, 932 F.Supp. 49, 51 (D.P.R. 1996). See also Danio v. Emerson College, 963 F.Supp. 61, 62 (D.Mass. 1997); Chatman v. Gentle Dental Center of Waltham, 973 F.Supp. 228, 237 (D.Mass. 1997). But see Santiago v. Lloyd, 33 F.Supp.2d 99, 102 (D.P.R. 1998).

Civ. No. 05-1991(PG)                                                    Page 3

Puerto Rico, 26 F.Supp.2d 341, 342 n. 1 (D.P.R. 1998). Vizcarrondo v. Board of Trustees of University of Puerto Rico, 139 F.Supp.2d 198, 202 (D.P.R. 2001)("the University of Puerto Rico is an instrumentality of the Commonwealth of Puerto Rico, in light of its financial and political dependence on the Commonwealth's government."); Lebron v. Ashford Presbyterian Community Hosp., 975 F.Supp. 407, 409 (D.P.R. 1997); Silva v. Universidad de Puerto Rico, 817 F.Supp. 1000, 1006 (D.P.R. 1993).  Law 100 "does not apply to non-profit government instrumentalities as is the U.P.R." Dogson, 26 F.Supp.2d at 342 n.1.  Therefore, the Court **GRANTS** defendant's motion as to the Law 100 claim.

## CONCLUSION

WHEREFORE, for the foregoing reasons, defendant's motion is **GRANTED IN PART AND DENIED IN PART** (Docket No. 9.).  Accordingly, plaintiff's Law 100 claim against the UPR, a nonprofit government instrumentality not under the scope of Law 100, is hereby **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, May 12, 2006.

                                         S/JUAN M. PEREZ-GIMENEZ
                                         U. S. DISTRICT JUDGE