**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| TERESA M. VIDAL-VALDIVIA ET AL, <br><br> Plaintiff, <br><br> v. <br><br> UNIVERSITY OF PUERTO RICO, ET AL., <br><br> Defendant. | CIV NO. 05-1991(PG) |

**OPINION AND ORDER**

On September 19, 2005, plaintiffs filed the above styled and captioned suit against defendants the University of Puerto ("UPR"); Pablo Rodriguez-Rosado, Chancellor of the UPR's Aguadilla Campus; Juan Concepcion, President of the Personnel Committee of the UPR's Aguadilla Campus; and Anibal Romey-Diaz, Director of the Electronic Physics, and Quality Control Department of the UPR's Aguadilla Campus (collectively "individual defendants"). Plaintiffs seek redress under Title VII, 42 U.S.C. § 2000e; 42 U.S.C. §1981, Law 100 of June 30, 1953, P.R. Laws Ann. tit 29 § 146 et seq.; and Articles 1053 and 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit 31 §§ 3018 and 5141, respectively.

On March 11, 2006, defendant UPR filed a Motion to Dismiss the Title VII claims against the individual defendants arguing that there is no personal liability under Title VII, and the Law 100 claim arguing it was inapplicable to the UPR. (Docket No. 9.).

At that time, the UPR was seeking dismissal of claims against the individual defendants who had yet to file an answer in the case. (See Docket Nos. 7, 8, & 11.) The record reflects that the Department of Justice sought, on behalf of the individual defendants, an extension of time until May 1, 2006 to file an answer or otherwise plead. The Department of Justice did so because it has yet to determine whether it will afford the individual defendants legal representation pursuant to Act No. 9 of November 26, 1977, P.R. Laws Ann. tit

Civ. No. 05-1991(PG)                                                    Page 2

32 § 3085. Indeed, following the request for an extension of time, counsel for the UPR filed a motion clarifying that its appearance in the case was only on behalf of the UPR and not the individual defendants. Accordingly, the request to dismiss the Title VII claim against the individual defendants was denied without prejudice.

On May 16, 2006, counsel for the UPR informed the Court that the individual defendants had received the Secretary of Justice's decision to grant their petition for legal representation under Act No. 9 of November 2, 1972, as amended, as well as their request for dispensation in order for the UPR to assign them their counsel. He further informed that UPR had assigned him to represent the individual defendants. (Docket No. 20.)

That same day he filed a Motion on behalf of the individual defendants moving to dismiss the Title VII claim against them for the same grounds that the UPR had raised in its previous motion to dismiss. (See Docket No. 9.)

"Although the First Circuit has yet to decide whether a Title VII plaintiff may maintain a suit against an individual in his personal capacity, most circuits have held that no personal liability can be attached to agents or supervisors under Title VII." Gomez Gonzalez v. Guidant Corp., 364 F.Supp.2d 112, 115-116 (D.P.R. 2005). See Tomka v. Seiler Corp., 66 F.3d 1295 (2nd Cir. 1995); Dici v. Com. of Pa., 91 F.3d 542 (3rd Cir. 1996); Lissau v. Southern Food Serv., Inc., 159 F.3d 177, 180-81 (4th Cir. 1998); Grant v. Lone Star Co., 21 F.3d 649 (5th Cir. 1994) cert. denied, 513 U.S. 1015 (1994); Wathen v. General Elec. Co., 115 F.3d 400, 405-06 (6th Cir. 1997); Gastineau v. Fleet Mortgage Corp., 137 F.3d 490, 493-94 (7th Cir. 1998); Lenhardt v. Basic Inst. of Tech., Inc., 55 F.3d 377 (8th Cir. 1995); Miller v. Maxwell's Int'l, Inc., 991 F.2d 583 (9th Cir. 1993); Haynes v. Williams, 88 F.3d 898 (10th Cir. 1996); Cross v. Alabama, 49 F.3d 1490, 1504 (11th Cir.1995); Smith v. Lomax, 45 F.3d 402 (11th Cir. 1995); Gary v. Long, 59 F.3d 1391, 1399 (D.C.Cir.), cert. denied, 516 U.S. 1011 (1995).

Following the majority of the circuit courts, this District Court has

Civ. No. 05-1991(PG)                                                    Page 3

held that individual defendants are not liable under Title VII. See Gomez Gonzalez, 364 F.Supp.2d at 115. See Vargas v. Fuller Brush Co. of Puerto Rico, 336 F.Supp.2d 134, 139 (D.P.R. 2004); Velez-Sotomayor v. Progreso Cash and Carry, Inc., 279 F.Supp.2d 65, 72 (D.P.R. 2003); Padilla Cintron v. Rossello Gonzalez, 247 F.Supp.2d 48, 59 (D.P.R. 2003); Cotto v. Citibank, N.A., 247 F.Supp.2d 44, 47 (D.P.R. 2003); Maldonado-Cordero v. AT & T, 73 F.Supp.2d 177, 184 (D.P.R. 1999); Canabal v. Aramark Corp., 48 F.Supp.2d 94, 97 (D.P.R. 1999); Acevedo Vargas v. Colon, 2 F.Supp.2d 203, 206 (D.P.R. 1998); Pineda v. Almacenes Pitusa, Inc., 982 F.Supp. 88, 93 (D.P.R. 1997); Contreras Bordallo v. Banco Bilbao Vizcaya de Puerto Rico, 952 F.Supp. 72, 74 (D.P.R. 1997); Hernandez v. Wangen, 938 F.Supp. 1052, 1065 (D.P.R. 1996); Anonymous v. Legal Services Corp. of Puerto Rico, 932 F.Supp. 49, 51 (D.P.R. 1996). See also Danio v. Emerson College, 963 F.Supp. 61, 62 (D.Mass. 1997); Chatman v. Gentle Dental Center of Waltham, 973 F.Supp. 228, 237 (D.Mass. 1997). But see Santiago v. Lloyd, 33 F.Supp.2d 99, 102 (D.P.R. 1998).

There being no personal liability under Title VII, plaintiffs' claim against the individual defendants must be dismissed.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the individual defendants' motion to dismiss is **GRANTED** (Docket No. 21.). Accordingly, plaintiffs' Title VII claim against the individual defendants is hereby dismissed with prejudice.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, June 5, 2006.

                                             S/JUAN M. PEREZ-GIMENEZ
                                             U. S. DISTRICT JUDGE